J-A25015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON KEESLER | : | |
| | : | |
| Appellant | : | No. 735 WDA 2023 |

Appeal from the PCRA Order Entered June 7, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002310-2013

BEFORE:   BOWES, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: February 21, 2024**

Brandon Keesler appeals *pro se* from the order dismissing his petitions filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

On February 5, 2014, Appellant pled guilty to rape of a child stemming from incidents that occurred between 2012 and 2013.  The court immediately imposed fifteen to thirty-five years of incarceration.  Appellant did not file a direct appeal, and thus his judgment of sentence became final on March 7, 2014.  Accordingly, he had until March 7, 2015, to timely file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1).

Appellant filed his first PCRA petition in February 2017.  The court appointed counsel, who filed a "no-merit" letter pursuant to ***Commonwealth***

_____

[*] Retired Senior Judge assigned to the Superior Court.

*v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Thereafter, the PCRA court granted counsel's motion to withdraw and found Appellant's petition untimely. Appellant did not appeal this determination.

On January 11, 2023, Appellant filed his second PCRA petition ("Second PCRA Petition") challenging the legality of his registration requirements. Almost four months later, on May 9, the PCRA court entered notice of its intention to dismiss without a hearing pursuant to Pa.R.Crim.P. 907, finding that Appellant's petition was untimely.[1] The court gave Appellant twenty days to respond. Appellant then filed on May 24 what he titled a "Petition for Writ of *Habeas Corpus*." ("*Habeas Corpus* Petition"). On June 7, the PCRA court entered an order stating that it had reviewed the *Habeas Corpus* Petition and determined that Appellant raised the same claims as in the Second PCRA Petition.[2] Therefore, the court denied relief on Appellant's *Habeas Corpus* Petition based on the rationale articulated in its Rule 907 notice. The court also dismissed the Second PCRA Petition since Appellant did not raise an

---

[1] Therein, the PCRA court also examined Appellant's substantive claims and concluded that none warranted relief. *See* Notice of Intent to Dismiss, 5/9/23, at 7-8.

[2] This Court has held that "PCRA courts have jurisdiction to consider multiple PCRA petitions relating to the same judgment of sentence at the same time so long as a prior petition is not under appellate review and, therefore, not yet final." *Commonwealth v. Montgomery*, 181 A.3d 359, 367 (Pa.Super. 2018).

objection to the notice. This timely appeal followed. The PCRA court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied, and the PCRA court then issued a Rule 1925(a) opinion.

Appellant articulates the following question for this Court's consideration: "Did the lower court err in dismissing the *Habeas Corpus* Petition as untimely and err in its finding that [the Sex Offender Registration and Notification Act, effective June 12, 2018 (Act 29 of 2018)] is not unconstitutional?" Appellant's brief at 3 (cleaned up).

We begin by reviewing the pertinent legal principles. Preliminarily, we note that "[o]n appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Wharton*, 263 A.3d 561, 567 (Pa. 2021) (cleaned up). "[T]his Court may affirm a PCRA court's order on any legal basis." *Commonwealth v. Parker*, 249 A.3d 590, 595 (Pa.Super. 2021). Moreover, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

We have held that "[i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013). Furthermore, "[u]nless the PCRA

could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*." ***Id***. at 465–66.

> The PCRA provides as follows regarding the time for filing a petition:
>
> Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the [PCRA] court has jurisdiction over the petition." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (cleaned up).

Concerning the Second PCRA Petition, Appellant "readily admits that he was barred under the PCRA statutes from seeking relief." Appellant's brief at 3. He further acknowledges that the PCRA court correctly denied him relief on that petition. ***Id***. at 3-4. Hence, because Appellant concedes on appeal that he is not entitled to relief on this petition, we need not examine it further.

Appellant next argues that the PCRA court erred in dismissing the *Habeas Corpus* Petition. He contends that while he cannot overcome the PCRA time bar, our Supreme Court's decision in **Commonwealth v. Lacombe**, 234 A.2d 602 (Pa. 2020) enables him to file a *habeas corpus* petition to obtain relief. **See** Appellant's brief at 3-4. However, as detailed *infra*, because the crux of Appellant's contention challenges the legality of his sentence as a violation of the *ex post facto* clause of the United States Constitution, it is therefore cognizable under the PCRA and subject to the PCRA time bar. **See id**. at 6.

Although Appellant couches his claim as a *habeas corpus* petition, we have held that, "[r]egardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." **Commonwealth v. Hagan**, ___ A.3d ___, 2023 WL 844296, at *5 (Pa.Super. 2023). It is well-settled that legality-of-sentence issues are cognizable under the PCRA and must be brought in a timely PCRA petition. **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (stating that, "[a]lthough legality of sentence is always subject to review within the PCRA, [such a claim] must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Indeed, "the PCRA statute is intended as the sole means of collaterally challenging a sentence." **Commonwealth v. Concordia**, 97 A.3d 366, 372 (Pa.Super. 2014). Phrased differently, if an issue is cognizable under the PCRA, that issue "must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition."

*Taylor*, *supra* at 466. Since the issue implicating the legality of Appellant's sentence is plainly subject to review within the PCRA, he "cannot escape the PCRA time-bar by titling his petition . . . as a writ of *habeas corpus*." *Id*. (footnote omitted).

Accordingly, because the self-styled *Habeas Corpus* Petition is, in fact, a serial PCRA petition, we must determine if it was filed timely. As we already discussed, Appellant's judgment of sentence became final in 2015 and this petition was filed in 2023. Moreover, Appellant did not plead an exception to the PCRA time bar. Hence, he is not entitled to relief. ***Commonwealth v. Harris***, 972 A.2d 1196, 1200 (Pa.Super. 2009) (holding that "there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions.").

Furthermore, Appellant's reliance upon ***Lacombe*** is misplaced. Therein, the High Court held that a petition filed pursuant to the PCRA was not the exclusive means for challenging sexual offender registration statutes. ***Lacombe***, ***supra*** at 618. As this Court has opined, "[t]he decision announced in ***Lacombe*** offered registrants an opportunity to challenge current or future registration requirements through a procedural mechanism other than a PCRA petition when the registrant has fulfilled his or her sentence, has been released from incarceration, and the registration requirements have begun." ***Hagan***, ***supra*** at *7. Instantly, Appellant is still serving his sentence of incarceration and his registration requirements have not started. Thus, ***Lacombe*** provides Appellant no purchase in this situation.

Since both of Appellant's petitions were untimely filed, we affirm the PCRA court's order denying them without a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/21/2024